Judge Roane
delivered the Court’s opinion as follows:
The Court is of opinion that, notwithstanding the general warranty contained in the deed of Oct. 5th, 1798, from the appellee to James Flack, it is fully established by the testimony, that that stipulation was contrary to the *445 real agreement between the parties. By that agreement, the 400 acre tract conveyed thereby was only to be conveyed under a special warranty. Notwithstanding, therefore, the claim of Walker, mentioned in the procecdings, to a part of the said land, the said Flack and his representatives were hound to pay the full consideration therefor, mentioned in the said Deed. The opinion of the Court further is, that, towards effecting this payment, the lands mortgaged by the said Flack to the appellee, w'ere liable, into whose soever hands they might come; and, in case of a deficiency, that the balance w'as to be made good out of the proper estate of the said Flack. This is the extent of the appellee’s claim in this particular; and she has nothing to do with the subsequent contract between Flack and the appellants, except in so far as they may have bound themselves absolutely to pay a sum to her on account of Flack', in which case, to avoid circuity, the Decree would be rendered against them, pro tanto, in the first instance.
The Court can not view the contract between Flack and Bumgardner and [fayes, which is thus brought collaterally before them, as importing any such absolute agreement on the part of the latter. We can not see that there is any essential difference, in principle, between agreeing to pay the vendor himself, and contracting to pay bis creditor; and, if Mrs. Mien were out of the question, it would be the common case of a general warranty of a tract of land, as to which there is a real outstanding title. Nor can we see that the appellee’s case should he differed, and her rights extended, by virtue of the alienation of Flack, beyond what they would have been if no such alienation had been made. In that case, her remedy would be limited to the proceeds of the mortgaged estate, and to the balance to he recovered from him or his estate as aforesaid, in exclusion of others. However, therefore, the case may be, as between the representatives of Flack and the appellants, and in relation to this claim by Walker, the appellants have done nothing in this transaction to subject themselves to the claim of the appellee:—they only agreed that a part of *446 the money stipulated to be paid to Flack, should be paid to her, his creditor; but that agreement was subject to the same limitations and exceptions, as if it had been contracted to be paid to himself) it excludes the reported value of the land claimed by Walker.
This view of the subject exclude's the enquiry whether the appellants had notice, or not, of Walker’s claim, when they purchased from Flack. We are inclined to think they had not; hut this is immaterial as to the appellee. The ground of holding a purchaser bound, who has notice of an out-standing title in another, is that he acts with a corrupt conscience in purchasing what in equity he knows belongs to another. In relation to Walker, (who has also the legal title,) this principle would be infringed, on this hypothesis; but it is otherwise as to the appellee. She has no land which is thus brought in question; and the appellants are only liable to her, if, and so far as, they are brought in, collaterally, by the agreement between them and Flack. Flack’s executors have not answered as to the state of his assets. It may be that his estate is entirely competent to pay the balance due to the appellee, after the sum of $963, (the reported value of the land claimed by Walker,) and the other payments, are deducted. The decree is therefore erroneous, not only in subjecting the appellants to pay the said sum of $963, but also in omitting to decree against Flack’s representatives, (including eventually his heirs,) the balance which is due to the appellee as aforesaid.
The Court is further of opinion, that the appellee has the less reason to complain of this construction of the appellant’s contract with Flack, because the general warranty, contained in her deed as aforesaid, might have tended to mislead them as to the reality of Walker’s claim, and which might, therefore, have produced even a more unqualified stipulation in this particular, than is found to exist.
On these grounds, the Decree is to he reversed with costs, so far as it conflicts with the principles now declared, and affirmed as to the residue; and the cause is remanded, to have that decree reformed, and the cause *447 finally proceeded in pursuant to tlie principles of this Decree.